IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LM GENERAL INSURANCE CO. behalf of all others similarly situated, | : | CIVIL ACTION NO. 2:19-cv-02144 |
| Plaintiff, | : : : | |
| v. | : : | |
| SHARON LEBRUN and ED LEBRUN | : | CLASS ACTION |
| Defendants. | : : : | |

## SUPPLEMENTAL MEMORANDUM OF THE DEFENDANTS

**(a)     Introduction**

The present action seeks recovery of underinsured motorist benefits under a Personal Auto Policy providing coverage in accordance with the requirements of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq. ("MVFRL").   At issue is the applicability and enforceability of the household exclusion contained in the policy in question. The plaintiff, LM General Insurance Company ("LM General") instituted the instant proceedings seeking a declaration that it has no obligation to make payment of underinsured motorist benefits to Ed LeBrun in connection with injuries sustained in an August 20, 2016 motor vehicle accident. The defendant, Ed LeBrun, has filed an Answer to the Complaint with a Class Action Counterclaim seeking declaratory and compensatory relief including recovery of underinsured motorist benefits. LM General seeks dismissal of the Counterclaim.  The defendant, Ed LeBrun, opposes the Motion to Dismiss.

On November 14, 2019, this Court entered an order directing that the defendants file a Supplemental Memorandum addressing the applicability of this Court's recent decision of Lambert

v. State Farm Mutual Automobile Insurance Company, No. 19-0816 (October 16, 2019)(Declining

to exercise jurisdiction in an action presenting declaratory claims, alone, , alone, and remanding

the action to state court since the matter involves and important unsettled and novel question of

Pennsylvania Law) to the present matter.  As set forth below, since the present matter involves

claims for both declaratory and legal relief (breach of contract), and the legal claims are

independent of the claims for declaratory relief, this Court "has a virtually unflagging obligation

to hear those claims".  Rarick v. Federated Mutual Insurance Company/Easterday v. Federated

Mutual Insurance Company, 852 F.3d 223, 229.  Additionally, the Class Action Fairness Act, 28

U.S.C. § 1332(d)(2), (5)(B), (6),  may also provide an independent basis for jurisdiction.

**(b)      Independent legal claims trigger mandatory jurisdiction.**

A district court's discretion to decline jurisdiction depends on whether the complaint seeks

legal or declaratory relief.  When an action seeks legal relief, federal courts have a "virtually

unflagging obligation" to exercise jurisdiction.  Colo. River Water Conservation Dist. v. United

States, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).  When an action seeks declaratory

relief federal courts may decline jurisdiction under the Declaratory Judgment Act. 28 U.S.C. §

2201(a)("DJA"); see also Rarick v. Federated Service Insurance Company, 852 F.3d 223 (3d. Cir.

2017)[1]. Where, however, the action has "mixed claims", containing claims for both legal and

declaratory relief, a district court must determine whether the legal claims are independent of the

---

[1]      Courts of this Circuit have applied this discretion and declined to exercise jurisdiction under
the Declaratory Judgment Act regardless of whether the action was originally filed in the district
court or removed from state court.  See Allstate v. Seelye, 198 F.Supp. 2d 629, 632 (W.D. Pa.
2002)(Granting Motion to Dismiss and declining to exercise jurisdiction under DJA observing "the
absence of a parallel state proceeding is clearly outweighed by the lack of any federal interest in
this dispute"; see also Professional Solutions Insurance Company v. Gillespie Miscavige & Ferdin,
LLC, No. 3-12CV1382, 2012 WL 3011706 (M.D. Pa. July 23, 2012)(Munley, J) and State Farm
Fire and Casualty Insurance Company v. Jones, Civil Action No. 15-736, 2015 WL 3645260
(W.D. Pa. June 10, 2015)(Fischer, J.)

declaratory claims. If the legal claims are independent, the district court has a "virtually unflagging obligation" to hear the claims. Rarick 852 F.3d. at 230.

In Rarick, the Third Circuit Court of Appeals set forth, as a matter of first impression in the Circuit, the appropriate framework to be utilized by district courts to determine whether the court may decline to exercise jurisdiction in claims involving both legal and declaratory relief. See Rarick, 852 F.3d. at 229. In this regard, the Third Circuit Court of Appeals stated as follows:

> When a complaint contains claims for both legal and declaratory relief, a district court must determine whether the legal claims are independent of the declaratory claims. If the legal claims are independent, the court has a "virtually unflagging obligation" to hear those claims, subject of course to Colorado River's exceptional circumstances. Colo. River, 424 U.S. at 817–19, 96 S.Ct. 1236. If the legal claims are dependent on the declaratory claims, however, the court retains discretion to decline jurisdiction of the entire action, consistent with our decision in Reifer, 751 F.3d at 144–46.

Rarick, 852 F.3d. at 229. Further, with respect to "independent claims", the Third Circuit noted:

> Non-declaratory claims are "independent" of a declaratory claim when they are alone sufficient to invoke the court's subject matter jurisdiction and can be adjudicated without the requested declaratory relief". (cites omitted) If the legal claims are dependent on the declaratory claims, the court may decline jurisdiction over the entire action. But if they are independent, the court must adjudicate the legal claims unless there are exceptional circumstances as described in Colorado River.

Rarick, 852 F.3d. at 229. Utilizing that framework, in an action alleging claims for both declaratory relief and legal relief (compensatory underinsured motorist benefits), the Third Circuit held that declaratory and legal claims (seeking recovery of compensatory underinsured motorist benefits) are independent and separate. Rarick, 852 F.3d 230. That rule of law is applicable to

this case[2].   The claims for legal relief (compensatory underinsured motorist benefits) are independent of the declaratory claims. .

In this regard, in the present matter, the plaintiffs, Sharon LeBrun and Ed LeBrun, in their declaratory judgment claim, seek a declaration that the household exclusion does not bar their claims and, therefore, they are *eligible to seek* recovery of underinsured motorist benefits under the LM General Policy.  The claim for declaratory judgment is a threshold determination; namely, whether the plaintiffs on the Counterclaim are *eligible to seek* benefits under the LM General Policy.  The household exclusion is not a bar.  Assuming, *arguendo*, that the Court issues a declaration that the household exclusion is not a bar to recovery, the plaintiffs on the Counterclaim may then proceed to seek to adjudicate the compensatory claim for breach of contract.  The compensatory claim, unlike the declaratory judgment claim, seeks to adjudicate: (1) the negligence of the underinsured motorist; and (2) the value of the injuries caused by the negligence of the underinsured motorist, i.e. the amount of underinsured motorist benefits to which Ed LeBrun is entitled.  The claims are entirely separate and distinct.  Accordingly, as the claims are independent, the court has a "virtually unflagging obligation" to hear the claims. Rarick, 852 F.3d, at 229.

(c)     Colorado River abstention is not applicable

The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy property before it.   Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 815, 96 S. Ct. 1236, 1245 (1976).   The Supreme Court has "recognized that there are certain extremely limited circumstances in which a federal court may

---

[2] As set forth below Colorado River abstention does not appear to be applicable in this matter since there is no concurrent state court action.

4

defer to pending State Court proceedings based on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."

Id. at 817, 96 S. Ct. 1236, 1246 (1976).  In Colorado River, the Court initially identified three factual scenarios where abstention would be appropriate:

> Abstention is appropriate in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law.

> Abstention is also appropriate where there have been presented difficult questions of state law bearing on policy problem of substantial public import whose importance transcends the result in the case at bar.

> ...[a]bstention is appropriate where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings.

Id. at 816-817, 96 S.Ct. 1244-1245.   Additionally, the Court noted:

> Although this case falls within none of the abstention categories, there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts.  These principles rest on considerations of "[wise] judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Kerotest Mfg. Co.  v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952). See Columbia Plaza Corp. v. Security National Bank, 173 U.S. App. D.C. 403, 525 F. 2d 620 (1975). Generally, as between state and federal courts, the rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction...." McClellan v. Carland, supra, at 282. See Donovan v. City of Dallas, 377 U.S. 408 (1964).

Id. 817-818. 96 S.Ct. 1246-1247.  Colorado River abstention does not appear to be applicable in this matter since  it applies in circumstances "where the presence of concurrent state proceedings may indicate that a district court should abstain from the 'contemporaneous exercise of concurrent

jurisdiction[]' due to principles of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Nat'l City Mortg. Co. v. Stephen, 647 F.3d 78, 83-84 (3d Cir. 2011) (alterations in original) (quoting Trent v. Dial Med. of Fla., Inc., 33 F.3d 217, 223 (3d Cir. 1994)).  In fact, the Third Circuit has recognized  the "district court's discretion under the [DJA] is significantly greater than under Colorado River." Pa. Dep't of Envtl. Res., 923 F.2d at 1074.

> (d)    **CAFA**

Further, jurisdiction in the district court is also proper under the Class Action Fairness Act, 28 U.S.C . § 1332(d)(2), (5)(B).  (CAFA).  CAFA  confers on district courts "original jurisdiction of any civil action" in which three requirements are met:

(1)     an amount in controversy that exceeds $5,000,000, as aggregated across all individual claims;

(2)     minimally diverse parties (satisfied so long as "any member of the class of plaintiffs is a citizen of  a State different from any defendant) ; and

(3)         that the class consist of at least 100 or more members ("numerosity requirement").

28 U.S.C. § 1332(d)(2), (5)(B), (6);  see also, Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1347 (2013) and Judon v. Travelers Property Cas. Co. of America, 773 F.3d 495, 500 (3rd Cir. 2014).    It is believed an averred  the counterclaims of the defendants satisfy the CAFA requirements.

In the present action, the parties are diverse.  See Complaint ¶ 5 (Plaintiff LM General and Defendants are citizens of different states, creating diversity of citizenship sufficient to provide the Court's jurisdiction pursuant to 258 U.S.C.A. § 1332).  Additionally, it is respectfully suggested that the  legal claims in the class action counterclaim satisfy the amount in controversy and numerosity requirements, discovery will confirm this assertion.  In this regard, in addition to

their individual claims, Sharon LeBrun and Ed LeBrun have identified three separate subclasses

which they seek to represent as follows:

>        (a)      Subclass No. 1: Comprised of persons whose claims were denied
> by reason of the household exclusion under policies providing unstacked coverage
> for multiple vehicles where the rejection of stacked coverage fails to waive inter-
> policy stacking as a matter of law pursuant to the decisions in Craley v. State Farm,
> 895 A.2d 530 (Pa. 2006) and Donovan v. State Farm, 392 F. Supp. 3d 545 (E.D.
> Pa. 2019); and

>        (b)      Subclass No. 2: Comprised of persons whose claims for recovery
> of benefits have been denied by reason of the household exclusion under policies
> where a new, additional vehicle was added to the Policy by way of endorsement,
> i.e. the issuance of Amended Declarations Pages, not by reason of any newly
> acquired vehicle clause, and the LM General Insurance Company failed to secure a
> new Rejection of Stacking as required by Sackett I and its progeny; and

>        (c)      Subclass No. 3: Comprised of persons whose claims for recovery
> of stacked underinsured motorist benefits were denied under policies where a new,
> additional vehicle was added to the Policy by way of endorsement, i.e. the issuance
> of Amended Declarations Pages, not by reason of any newly acquired vehicle
> clause and the LM General Insurance Company failed to secure a new Rejection of
> Stacking (irrespective of any household exclusion).

It is believed an averred the counterclaims of the defendants satisfy the CAFA requirements.

    (e)      **Conclusion**

The present action involves a "mixed claim" or claims for both declaratory and legal relief

(breach of contract). The legal claims are independent of the claims for declaratory relief. Thus,

this Court's holding in Lambert is inapplicable. Rather, this Court "has a virtually unflagging

obligation to  the "mixed claims". Additionally, the Class Action Fairness Act may also provide

an independent basis for jurisdiction.

HAGGERTY, GOLDBERG,
SCHLEIFER & KUPERSMITH, P.C.

BY:     /s/ James C. Haggerty
JAMES C. HAGGERTY, Esquire
PA Attorney I.D. # 30003
1835 Market Street, Suite 2700
Philadelphia, PA  19103
(267) 350-6600; FAX (215) 665-8197

SCHMIDT KRAMER P.C.

BY:   /s/ Scott B. Cooper
SCOTT B. COOPER, Esq.
PA Attorney ID #70242
209 State Street
Harrisburg, PA  17101
(717) 232-6300

KOHN SWIFT & GRAF, P.C.
BY:   /s/ Jonathan Shub
JONATHAN SHUB, Esquire
PA Attorney I.D. # 53965
1600 Market Street,
Suite 2500
Philadelphia, PA  19103
(215) 238-1700

Attorneys for Plaintiff