IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LM GENERAL INSURANCE CO. | : | Case No. 2:19-CV-02144-JHS |
| Plaintiff, | : | |
| v. | : | |
| SHARON LEBRUN AND ED LEBRUN | : | |
| Defendants. | : | |

**LM GENERAL INSURANCE COMPANY'S RESPONSE TO
THE LEBRUNS' SUPPLEMENTAL MEMORANDUM**

Pursuant to the Court's November 14, 2019 Order (ECF No. 26), LM General Insurance Company ("LM") respectfully submits this response to the LeBruns' supplemental memorandum (ECF No. 27). The Court directed the parties to address *Lambert v. State Farm Mut. Ins. Co.*, No. 19-0816, 2019 WL 5260400 (E.D. Pa. Oct. 16, 2019), in which the court exercised its discretion under the Declaratory Judgment Act to decline to exercise jurisdiction over a declaratory judgment action. LM agrees with the LeBruns that *Rarick v. Federated Mut. Ins. Co.*, 852 F.3d 223 (3d Cir. 2017) dictates that this Court does not have discretion to decline to exercise jurisdiction because the LeBruns have asserted breach of contract claims that are independent of the claims for declaratory relief in this case.

In *Rarick*, the plaintiff filed a putative class action in which he sought (1) a declaration that an insurer was required to provide him with UIM coverage and (2) damages for breach of contract. *Id.* at 226. The insurer removed the case. *Id.* The district court decided it had discretion under the Declaratory Judgment Act to decline to exercise jurisdiction and remanded the case to state court. *Id.* The insurer appealed. *Id.* The Third Circuit held that the district court did not have discretion to decline to exercise jurisdiction because the plaintiff's breach of contract claim was a legal claim that was "independent" of the claim for declaratory relief, *i.e.*, the contract claim was

1

alone sufficient to invoke the court's subject matter jurisdiction, without regard to the claims for declaratory relief. The court explained: "If the legal claims are independent, the court has a 'virtually unflagging obligation' to hear those claims." *Id.* at 229 (quoting *Colorodo River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

Under *Rarick*, this Court does not have discretion to decline to exercise jurisdiction in this case. Indeed, the facts of this case are remarkably similar to those in *Rarick*. The LeBruns seek (1) declarations that LM General is required to provide them with UIM coverage and (2) damages for breach of contract. The LeBruns claim their contract claims are alone sufficient to invoke the Court's diversity jurisdiction, and also that the Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005). *See* 28 U.S.C. §§ 1332(d). Therefore, the LeBruns' breach of contract claims are the exact type of legal claim that the *Rarick* court held precluded the district from declining to exercise jurisdiction. Accordingly, this Court does not have discretion to dismiss this case.

Significantly, setting aside that *Rarick* requires the Court to exercise jurisdiction, dismissal would be inappropriate in any event given that the LeBruns claim jurisdiction exists under CAFA. The whole point of CAFA was to expand jurisdiction over class actions. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court"); S. Rep. No. 109-14, at 35 (courts should "strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications"). *See also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1179 (9th Cir. 2015) (citing *Dart* and noting "Congress's intent to 'strongly favor the exercise of federal diversity jurisdiction o[ver] class actions with interstate ramifications'"); *Portnoff v. Janssen Pharm., Inc.*, 237 F. Supp. 3d 253, 257 (E.D. Pa. 2017) ("Congress enacted CAFA to facilitate class actions in

federal court, and its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.") (quoting *Gallagher v. Johnson & Johnson Consumer Companies, Inc.*, 169 F.Supp.3d 598, 602 (D.N.J. 2016)).  Thus, in enacting CAFA, Congress expressed its strong preference that putative class actions filed under CAFA should be litigated in federal court.  *See, supra,* at 7-8.  If this Court were to remand this case, it would undermine that policy decision.  The Court should not do so.[1]

Respectfully Submitted,

Dated: December 6, 2019

/s/Frederick P. Marczyk
Timothy J. O'Driscoll
PA Attorney No. 82572
Frederick P. Marczyk
PA Attorney No. 89878
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757
E-mail:  timothy.odriscoll@dbr.com
            frederick.marczyk@dbr.com

*Attorneys for Plaintiff/Counterclaim Defendant*

---

[1] While LM agrees with the LeBruns that there is plainly no basis for this Court to abstain under *Colorado River*, LM does not address that issue at length here because *Colorado River* abstention was not at issue in *Lambert* and the Court did not otherwise ask the parties to address whether *Colorado River* abstention might be appropriate in this case.