IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LM GENERAL INSURANCE CO.**, <br><br> Plaintiff-Counterclaim Defendant, <br><br> *v.* <br><br> **SHARON LEBRUN and ED LEBRUN,** <br><br> Defendants-Counterclaim Plaintiffs. | **CIVIL ACTION** <br><br> **NO. 19-2144-KSM** |

**MEMORANDUM**

**Marston, J.**                                                                                                         **December 23, 2020**

Defendants-Counterclaim Plaintiffs Sharon and Ed LeBrun, on behalf of themselves and a class of similarly situated persons, sued their insurer, asserting claims for declaratory relief and breach of contract. (Doc. No. 5.)[1] Through their counterclaims, the LeBruns sought to recover the stacked underinsured motorist ("UIM") benefits allegedly owed to them under their insurance policy (*id.* at ¶¶ 6, 180–202), and a declaratory judgment that their claims for recovery of UIM benefits are not barred by the household exclusion provision contained in their insurance policy and that they are entitled to stacked UIM coverage (*id.* at ¶ 5). LM General moved to dismiss the LeBruns' counterclaims. (Doc. Nos. 12-2, 20.)

On July 1, 2020, we granted LM General's motion in part. (Doc. Nos. 35–36.) We concluded that the LeBruns' declaratory judgment claims were duplicative of the breach of contract claim and therefore dismissed Counts I, II, and III with prejudice. (*Id.*) We also granted LM General's motion to dismiss with respect to putative class members' claims that were barred

---

[1] Because we write only for the parties and set forth the relevant facts in our previous opinion (Doc. No. 36), we do not restate the facts here.

by the statute of limitations, and dismissed putative class members' uninsured motorist ("UM") claims. (*Id.*) However, we denied the remainder of LM General's motion. (*Id.*)

On July 20, 2020, the LeBruns filed a motion for reconsideration, arguing that "dismissal of the claims for declaratory relief . . . may result in an unfair and unjust decision with respect to members of the class." (Doc. No. 41 at ¶ 11). Specifically, the LeBruns assert that during the course of the litigation, LM General may argue that differences in the contractual claims of each class member precludes certification of a class and, consequently, class members will be precluded from relief since the declaratory claims have been dismissed. (*Id.* at ¶¶ 9–10; *see also* Doc. No. 41-1 at p. 1 ("[S]tripping out the declaratory relief request will prejudice Class members who will be left without an important ruling on the coverage issues."); *id.* at p. 2 ("The members of the putative class are entitled to declaratory relief if they prevail on the legal coverage issues even if their claims for compensatory relief are not certified as a class because of the divergent nature of their compensatory claims.").) As such, the LeBruns move for the declaratory relief claims to be reinstated. In the alternative, the LeBruns request the opportunity to file a motion to amend and/or to file an amended complaint "setting forth claims for declaratory relief, alone, on behalf of the individual plaintiffs and on behalf of the class" and withdrawing the contractual claims. (Doc. No. 41 at p. 2 n.1; *see also* Doc. No 41-1 at p. 3 ("The claims for compensatory relief on behalf of the class can be withdrawn. The claims for declaratory relief may proceed.").)

In response, LM General argues that the LeBruns' motion for reconsideration should be denied for the following reasons: the motion was untimely filed; the motion raises a new argument that the LeBruns failed to include in their response to LM General's motion to dismiss and therefore, the LeBruns have waived their argument; and the LeBruns' argument lacks any

merit. (Doc. No. 45.)

For the reasons discussed below, we deny the LeBruns' motion for reconsideration.

## I. Legal Standard

"The purpose of a motion for reconsideration is to correct manifest errors of law or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Out of consideration for finality and judicial economy," courts should grant motions for reconsideration "sparingly." *Hatcher v. SCM Grp. N. Am., Inc.*, 167 F. Supp. 3d 719, 728 (E.D. Pa. 2016) (citation omitted).

Before altering or amending a prior decision, courts in this Circuit require the moving party to show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion []; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Here, the LeBruns contend that the Court should reinstate the declaratory relief claims "to prevent manifest injustice."

"Because of the courts' interest in the finality of judgments, motions for reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and decided by the Court." *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, 743–44 (E.D. Pa. 2007) (quotation marks and citation omitted); *see also Kennedy Indus., Inc. v. Aparo*, Civil Action No. 04-5967, 2006 WL 1892685, at *1 (E.D. Pa. July 6, 2006) (same); *Jarzyna v. Home Props., L.P.*, 185 F. Supp. 3d 612, 622 (E.D. Pa. 2016) (explaining that motions for reconsideration "should not be grounded on a request that a court rethink a decision already made"). In other words, "motions for reconsideration may not be used to give a litigant a 'second bite of the apple.'" *Id.* (quoting *Bhatnagar v. Surrendra*

*Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)); *Jarzyna*, 185 F. Supp. 3d at 622; *see also PBI Performance Prods., Inc.*, 514 F. Supp. 2d at 744 ("A litigant that fails in its first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or to correct mistakes it made in its previous one."). "Thus, a motion for reconsideration may address 'only factual and legal matters that the Court may have overlooked' and may not 'ask the Court to rethink what it had already thought through—rightly or wrongly.'" *Jarzyna*, 185 F. Supp. 3d at 622 (citations omitted).

## II. Discussion

### A. July 1, 2020 Decision

In our July 1, 2020 Opinion, we explained that "[c]ourts generally decline granting declaratory relief when the claim for declaratory judgment is entirely duplicative of another claim in the cause of action." (Doc. No. 35 at p. 21 (citing *Butta v. GEICO Cas. Co.*, 400 F. Supp. 3d 225, 233 (E.D. Pa. 2019) ("*Butta II*")).)

We summarized and analogized to *Butta II*, a case in which the plaintiff sued his parents' insurer after it denied his claim for UIM benefits due to the household exclusion, asserting declaratory and breach of contract claims. (*Id.* at pp. 21–26 (citing *Butta II*, 400 F. Supp. 3d at 229, 231–34).) There, the plaintiff sought a declaration that he was entitled to receive stacked UIM coverage under the Personal Auto Policy issued by GEICO to his parents, and sought to recover stacked UIM coverage. *Butta II*, 400 F. Supp. 3d at 231–32. The court concluded that the two claims were "nearly identical" and held that to the extent the plaintiff sought a declaration that he was entitled to recover under his parents' policy, the claim for declaratory judgment was duplicative of the breach of contract claim. *Id.* at 231–34. The *Butta II* court also reasoned that the plaintiff would not be prejudiced by dismissal of his declaratory judgment claim since he could still attain full relief on the breach of contract claim. *Id.* at 234.

We explained that, likewise, in the first three counts of their Complaint, the LeBruns seek declaratory relief, and in Count IV, they assert a breach of contract claim.  (Doc. No. 35 at p. 23 (summarizing allegations).)  We concluded that the LeBruns' declaratory relief and breach of contract counterclaims are nearly identical.  (*Id.* at p. 24.)  We reasoned that the question raised in the breach of contract claim—whether the LeBruns "may recover stacked [UIM] coverage under the Personal Auto Policy issued by [LM General]"—will necessarily decide the questions raised in the declaratory judgment claims.  (*Id.*)  In other words, to determine that the LeBruns are entitled to recover on their breach of contract claim, we would have to find that the household exclusion did not bar their claim.  Finally, we noted that because the LeBruns could still attain full relief on the breach of contact claim, the LeBruns would not be prejudiced by dismissal of their declaratory judgment claims.  (*Id.*)

In addition, we agreed with LM General that the LeBruns impermissibly sought declarations that LM General is liable to the LeBruns based on past conduct.  (*Id.* at pp. 25–26 (citing *Andela v. Admin. Off. of U.S. Cts.*, 569 F. App'x 80, 83 (3d Cir. 2014) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in anticipation of some future conduct.  Declaratory judgments are not meant simply to proclaim that one party is liable to another.")); *see also id.* at p. 26 ("The LeBruns are impermissibly trying to adjudicate past conduct (*i.e.*, LM General's denial of their claim for UIM benefits) and resolve liability issues (*i.e.*, their ability to recover UIM benefits under the policy) through such declarations.").)

Finally, we cited to a number of cases in which courts dismissed declaratory judgment claims as duplicative of breach of contract claims.  (*Id.* at pp. 22–23 (collecting cases).)

**B.    Motion to Reconsider**

The LeBruns' first—and only—argument is that dismissal of their declaratory relief claims "may result in an unfair and unjust decision with respect to members of the class."  (Doc.

No. 41 at ¶ 11.) The LeBruns contend that LM General may eventually be able to successfully argue that differences in the contractual claims of each class member preclude certification of a class and then because the declaratory claims have been already dismissed, the class members will therefore be unable to receive any relief. (*Id.* at ¶¶ 9–10; *see also* Doc. No. 41-1 at pp. 1–2.)

As a preliminary matter, we note that the LeBruns failed to comply with Local Civil Rule 7.1(c). Rule 7.1(c) provides: "Every motion not certified as uncontested, or not governed by Local Civil Rule 26.1(g), shall be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion." The LeBruns did not aver that their motion was uncontested. The LeBruns also did not claim that their motion for reconsideration was governed by Rule 26.1(g)—nor could they, given that Local Civil Rule 26.1 pertains to discovery and the parties have not even entered the discovery stage of litigation yet. Nonetheless, the LeBruns did not cite *any* case law in their argument section to support their contention that our ruling will result in "manifest injustice." (*See* Doc. No. 41-1 at pp. 2–4).[2]

The LeBruns' failure to comply with Rule 7.1(c) provides sufficient grounds alone for us to deny their motion. *See, e.g.*, *Rorrer v. Cleveland Steel Container Corp.*, Civil Action No. 08-671, 2012 WL 138756, at *4 (E.D. Pa. Jan. 18, 2012) (noting that "Plaintiff's failure to comply with Local Rule 7.1(c) could have justified dismissal of her motion without any further consideration" and collecting cases); *Griffin-El v. Beard*, Civil Action No. 06-2719, 2009 WL 678700, at *3 (E.D. Pa. Mar. 16, 2009) ("Courts in this jurisdiction have found that motions and memoranda of law that are not accompanied by citations to legal authority or adequate

---

[2] Indeed, the LeBruns cited only two cases in their entire brief—*North River Insurance Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194 (3d Cir. 1995) and *Max's Seafood Café v. Quinteros*, 176 F.3d 669 (3d Cir. 1999)—and only used those cases to set forth the basic legal standard for motions to reconsider. (*See* Doc. No. 41-1 at p. 2.) To that end, the LeBruns did not apply either of those cases to the facts of this case, nor did they explain how those cases support their position here.

6

explanations of the bases for the party's arguments are legally deficient under Local Rule 7.1(c), which can warrant denial of the motion" (collecting cases)); *Merk Constr., Inc. v. Jemco, Inc.*, Civil Action No. 09-cv-01636, 2009 WL 10687695, at *1 n.1 (E.D. Pa. Dec. 9, 2009) ("Courts in this District have consistently held the failure to cite any applicable law is sufficient to deny a motion as without merit because "zeal and advocacy is never an appropriate substitute for case law and statutory authority in dealings with the Court." (quotation marks and citations omitted)).

Next, as LM General rightly points out (*see* Doc. 45 at p. 3), in moving for reconsideration, a litigant may not raise a new argument that it could have previously asserted but failed to do so. *See, e.g.*, *PBI Performance Prods., Inc.*, 514 F. Supp. 2d at 744 ("A litigant . . . may not use a motion for reconsideration either to attempt a new approach or to correct mistakes it made in its previous one.  A motion for reconsideration should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." (quotation marks and citation omitted)); *Kennedy Indus.*, 2006 WL 1892685, at *1 (same); *see also Digneo v. City of Philadelphia*, Civil No. 07-2372, 2008 WL 11515930, at *1 n.1 (E.D. Pa. June 13, 2008) ("[A] Motion for Reconsideration cannot be granted based on . . . newly raised arguments that could have previously been asserted"); *accord United States v. Jasin*, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) ("In order to show clear error or manifest injustice, the [moving party] must base its motion on arguments that were *previously raised* but were overlooked by the Court." (emphasis added)).

Here, in their motion for reconsideration, the LeBruns argue, for the very first time, that dismissal of the declaratory judgment claims "may result in an unfair and unjust deprivation of the rights of putative class members" because the LeBruns may "be unable to secure [class] certification" of the compensatory relief (i.e., breach of contract) claims, which are the only

7

claims left.  (Doc. No. 41-1 at p. 3.)  Even though the LeBruns could have made this very same argument in their initial opposition to LM General's motion to dismiss, they declined to do so.  (*See* Doc. No. 15-1 at pp. 49–50.)  Rather, the only argument the LeBruns made was that their declaratory and compensatory claims seeking recovery of UIM benefits were "separate and distinct," and they relied solely on *Rarick v. Federated Mutual Insurance Co.*, 852 F.3d 223 (3d Cir. 2017).  (*See id.*)  As we explained in our previous opinion, that argument is unavailing.  (*See* Doc. No. 35 at pp. 23–24.)  In raising a new argument in this final hour (and where that argument is not based on newly discovered evidence, but could have been raised all along), the LeBruns are essentially asking us to flout the motion for reconsideration standard.  We will not do so.[3]

Finally, we note that although "[t]here is a dearth of case law within the Third Circuit discussing the standard to be applied when dealing with manifest injustice" (i.e., the standard for what constitutes a manifest injustice), it is "clear that the standard is a high one."  *Conway v. A.I. DuPont Hosp. for Children*, Civil Action No. 04-4862, 2009 WL 1492178, at *6–7 (E.D. May 26, 2009) (citations omitted).  Plaintiffs have failed to fulfill that high burden and have not shown that our ruling constitutes manifest injustice here.[4]

### III.     *Conclusion*

For the foregoing reasons, we deny the LeBruns' motion for reconsideration.

---

[3] We also note that the merits of the LeBruns' argument are questionable in their own right, given that they fail to cite to any analogous case law (i.e., they have not cited to a single case in which a court held that dismissal of duplicative declaratory relief claims resulted in "manifest injustice" to class members because the class may not be certified on the compensatory relief claims).

[4] Because we find these reasons each provide a sufficient basis to deny the LeBruns' motion for reconsideration, we do not address LM General's argument that the LeBruns' motion was untimely.  (*See* Doc. No. 45 at p. 2.)

We also deny the LeBruns' alternative request to file a motion for leave to amend and/or to amend their complaint[5] because such an amendment would be futile.  *See Winslow v. Progressive Specialty Ins. Co., Inc.*, Civil Action No. 3:18-CV-1094, 2018 WL 6527323, at *8 (M.D. Pa. Dec. 12, 2018) (dismissing the plaintiff's claim for declaratory judgment as duplicative of his breach of contract claim and "conclud[ing] that leave to amend this claim is not appropriate because amendment would be futile"); *see also* Doc. No. 35 at pp. 25–26 (explaining that declaratory judgments are not intended to adjudicate past conduct or to simply proclaim that one party is liable to the other).

An appropriate order follows.

---

[5] The only time Defendants previously mentioned the possibility of amending the complaint to withdraw the breach of contract claim and proceed with the declaratory judgment claims, before filing this motion, was during oral argument, and that was with respect to remand.  (*See* Oral Argument Tr. at 7:13–18 ("In this case, we have a claim for declaratory and compensatory relief.  Perhaps I shouldn't have included the compensatory claim, and it would just be declaratory.  Then it would be ripe for remand, and perhaps that's the way I should go and withdraw without prejudice the compensatory claim and ask for leave to file a motion for remand.").)  But Plaintiffs never filed supplemental briefing following oral argument, nor did they do as they proposed prior to our ruling on LM General's motion to dismiss (i.e., withdrawing the compensatory claim).