IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LM GENERAL INSURANCE CO.**, <br><br> Plaintiff-Counterclaim Defendant, <br><br> *v.* <br><br> **SHARON LEBRUN and ED LEBRUN,** <br><br> Defendants-Counterclaim Plaintiffs. | **CIVIL ACTION** <br><br> **NO. 19-2144-KSM** |

**ORDER**

**AND NOW**, this 30th day of December, 2020, upon consideration of Plaintiff-Counterclaim Defendant LM General Insurance Company's Motion to Certify the Court's July 1, 2020 Memorandum and Order Regarding LM General's Motion to Dismiss for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Discovery and Other Pretrial Proceedings (Doc. No. 44), Defendants-Counterclaim Plaintiffs Sharon and Ed LeBruns' response brief (Doc. No. 46), and LM General's reply brief (Doc. No. 48), and for the reasons set forth in the accompanying Memorandum, it is hereby **ORDERED** as follows:

1. LM General's motion (Doc. No. 44) is **GRANTED in part and DENIED in part**.

2. This Court's July 1, 2020 Memorandum and Order (Doc. Nos. 35, 36) are **CERTIFIED** for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The July 1, 2020 Order involves a controlling question of law as to which there is a substantial ground for difference of opinion, and an immediate appeal may materially advance the ultimate termination of the litigation, as detailed in the accompanying memorandum. The following controlling question of law is **CERTIFIED** to the United States Court of Appeals for the Third Circuit: whether an underinsured motorist ("UIM") coverage stacking waiver signed by an insured remains

enforceable when the insured later adds a newly acquired vehicle to the policy that contains a "continuous" newly acquired vehicle provision, notwithstanding that the insurer issued updated declarations.

3. All proceedings in this matter are **STAYED** pending the Third Circuit's resolution of this appeal.

4. The remainder of LM General's motion is **DENIED**. To that end, we will not certify for interlocutory appeal the second question proposed, relating to inter- and intra-policy waiver and the household exclusion.

**IT IS SO ORDERED**.

*/s/ Karen Spencer Marston*
_____
KAREN SPENCER MARSTON, J.